Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
Attorney for Plaintiff, Ronray Harris

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONRAY HARRIS, | |
| | Civil Action No. 1:23-cv-20449-CPO-EAP |
| Plaintiff | |
| vs. | |
| | **SECOND AMENDED COMPLAINT** |
| | **JURY DEMAND [ x ] Yes   [ ] No** |
| UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, MONICA TSAKIRIS, RAYMOND MALTA, SHERITA LATIMORE-COLLIER, JERRY MORALES and MICHAEL MORATELLI, | |
| Defendants | |

PARTIES

1. Plaintiff, RONRAY HARRIS, is an adult individual, who is an inmate serving a term of imprisonment in state prison, from approximately December 20, 2022 to present at South Woods State Prison, 215 South Burlington Road, in the City of Bridgeton, County of Cumberland, and State of New Jersey 08302.

2. On and prior to November 30, 2021, Plaintiff, RONRAY HARRIS, was a resident of South Woods State Prison, located at 215 South Burlington Road, in the City of Bridgeton, County of Cumberland, and State of New Jersey 08302.

3. Defendant, MONICA TSAKIRIS, is a healthcare provider in the employment of Defendant, UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, whose principal place of business is Bates Building, 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer and State of New Jersey 08625.

4. Defendant, RAYMOND MALTA, is a healthcare provider in the employment of or under contract with Defendant, UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, whose principal place of business is Bates Building, 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer and State of New Jersey 08625.

5. Defendant, SHERITA LATIMORE-COLLIER, is a healthcare provider in the employment of Defendant, UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, whose principal place of business is Bates Building, 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer and State of New Jersey 08625.

6. Defendants, MONICA TSAKIRIS, RAYMOND MALTA and SHERITA LATIMORE-COLLIER, were responsible for Plaintiff's health care, and acted under color of state law.

7. Defendants, JERRY MORALES and MICHAEL MORATELLI, were an employee of STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, whose principal address is Bates Building, 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer and State of New Jersey 08625.

## JURISDICTION

8. The basis for jurisdiction is FEDERAL QUESTION, under 28 U.S.C. Secs. 1331 and 1343.

## STATEMENT OF THE CASE

9. On November 30, 2021, Plaintiff, RONRAY HARRIS, was post-surgery for right Achilles tendon repair.

10. A residual of the right Achilles tendon repair performed prior to November 30, 2021 was a right foot wound.

11. On November 30, 2021, Plaintiff's right foot wound was still symptomatic.

12. As a result of the symptomatic nature of his right foot wound, Plaintiff was, on or about November 30, 2021, confined to a wheelchair.

13. On or about Nov. 30, 2021, Plaintiff's right foot wound required follow-up by Medical.

14. Plaintiff's right foot wound was a serious medical condition.

15. On November 30, 2021 at 10 A.M., Plaintiff, RONRAY HARRIS, appeared in Medical.

16. On that day and time, Plaintiff's medical need was attended to by Nurse Anthony.

17. Nurse Anthony changed the dressing on the right foot wound.

18. In addition to changing the dressing on the right foot wound, Nurse Anthony looked at the wound itself.

19. On November 30, 2021, Nurse Anthony reported orally to Defendant, Nurse Practitioner MONICA TSAKIRIS, in Plaintiff's presence, that Plaintiff's right foot wound looked worse than it had been.

20. Further, Nurse Anthony reported orally to Defendant, Nurse Practitioner MONICA TSAKIRIS, in Plaintiff's presence, that Plaintiff's right foot wound was an open wound which was bleeding and swelling.

21. Further, Nurse Anthony showed Defendant, Nurse Practitioner MONICA TSAKIRIS, the right foot wound itself, in Plaintiff's presence.

22. At that point Defendant, Nurse Practitioner MONICA TSAKIRIS, declined to provide further medical treatment to Plaintiff to address the condition of his right foot.

23. Further, at that point Defendant, Nurse Practitioner MONICA TSAKIRIS, ordered that Plaintiff's wheelchair be taken away.

24. In response to Defendant, Nurse Practitioner MONICA TSAKIRIS's order, Plaintiff's wheelchair was taken away on November 30, 2021.

25. As a result of having his wheelchair taken away, Plaintiff was forced to walk on an injured, weak, swollen and painful foot.

26. Subsequent to November 30, 2021, Plaintiff, RONRAY HARRIS, requested medical care to address the condition of his right foot from Defendant, MONICA TSAKIRIS.

27. Defendant, MONICA TSAKIRIS, was aware subsequent to November 30, 2021 that Plaintiff requested medical care to address the condition of his right foot.

28. Defendant, MONICA TSAKIRIS, denied Plaintiff medical care for his right foot from December 2, 2021 to December 14, 2021.

29. On December 15, 2021, Plaintiff, RONRAY HARRIS, was transported to St. Francis Hospital.

30. In St. Francis Hospital, Plaintiff was diagnosed, admitted to the ICU and treated for his right foot wound.

31. On December 29, 2021, during the course of his St. Francis Hospital admission which began on December 15, 2021, Plaintiff was fitted with a PICC line.

32. During the course of his December 2021 St. Francis Hospital admission and following discharge, Plaintiff was prescribed Ancef.

33. On or about April 11, 2022, Plaintiff again began to notice indications of infection at the site of his right foot wound.

34. Plaintiff reported orally to Defendant, Dr. RAYMOND MALTA, that his right foot wound looked infected.

35. Plaintiff requested further medical treatment to address the condition of his right foot from Defendant, Dr. RAYMOND MALTA.

36. Defendants, Dr. RAYMOND MALTA and Dr. SHERITA LATIMORE-COLLIER, were aware on or about April 11, 2022 that Plaintiff requested medical treatment to address the condition of his right foot.

37. At that point Defendants, Dr. RAYMOND MALTA and Dr. SHERITA LATIMORE-COLLIER, declined to provide further medical treatment to Plaintiff to address the condition of his right foot.

38. Defendants, Dr. RAYMOND MALTA and Dr. SHERITA LATIMORE-COLLIER, denied Plaintiff medical care to address the condition of his right foot from on or about April 11, 2022 to April 21, 2022.

39. On April 22, 2022, Plaintiff, RONRAY HARRIS, was transported to University Hospital.

40. In University Hospital, Plaintiff was diagnosed, admitted to the ICU and treated for his right foot wound.

41. During the course of his University Hospital admission which began on April 22, 2022, Plaintiff was fitted with a PICC line.

42. During the course of and following discharge from his University Hospital admission, Plaintiff was prescribed Ancef.

43. At discharge from his University Hospital admission, which had begun on April 22, 2022, Plaintiff was prescribed cocoa butter cream by his University Hospital physician, to be supplied and administered to his wound on an ongoing and continuing basis by his healthcare provider(s).

44. Plaintiff has been denied/delayed supply and administration of cocoa butter cream for his foot wound by Defendants, RAYMOND MALTA and SHERITA LATIMORE-COLLIER, from on or about February, 2023, to date.

45. Defendant, MONICA TSAKIRIS, sued in her official capacity, was a person with final policy-making authority on whether Plaintiff would or would not receive care for his right foot wound, and would or would not keep his wheelchair.

46. Defendants, Dr. RAYMOND MALTA and Dr. SHERITA LATIMORE-COLLIER, sued in their official capacities, were persons with final policy-making authority on whether Plaintiff would or would not receive care for his right foot wound.

47. Prior to on or about January 10, 2023, Plaintiff was unable to put his full weight on his injured foot.

48. Prior to on or about January 10, 2023, Plaintiff had acquired a cane, which he was utilizing in state prison to assist in ambulation.

49. Defendant, JERRY MORALES, became aware that Plaintiff had difficulty in ambulation without his cane, and that Plaintiff was utilizing a cane to assist in ambulation.

50. On or about January 10, 2023, Defendant, JERRY MORALES, took away Plaintiff's cane for a non-medical reason.

51. Defendant, JERRY MORALES, showed deliberate indifference to Plaintiff's need for the cane.

52. Since he could not put his full weight on his injured foot, while he was without his cane, Plaintiff was forced to hop on one foot to get around so as to avoid crawling on the floor.

53. While he was without his cane, Plaintiff did hop on one foot to get around.

54. After having his cane taken away by Defendant, JERRY MORALES, but before his cane or a wheelchair was restored, Plaintiff sustained a fall to the ground on one occasion.

55. Plaintiff's falldown on that occasion was caused by the lack of an assistive device - the cane - which was taken away by Defendant, JERRY MORALES, to assist him in ambulation.

56. On or about December 20, 2022 upon his arrival at South Woods State Prison and thereafter, Plaintiff engaged in discussions with representatives of S.I.D.

57. The subject of Plaintiff's discussions with S.I.D. was Plaintiff's experience(s) at South Woods State Prison during a previous stay.

58. Those discussions with S.I.D. included allegations by Plaintiff of harassment and rough treatment by corrections officers, including Defendant, JERRY MORALES, and Defendant, MICHAEL MORATELLI.

59. Plaintiff's allegations of rough treatment by corrections officers during a prior stay, including Defendant, JERRY MORALES, and Defendant, MICHAEL MORATELLI, were the type of allegations which S.I.D. would investigate.

60. Upon information and belief, S.I.D investigated Plaintiff's allegations of harassment and rough treatment of him by corrections officers, including JERRY MORALES and MICHAEL MORATELLI.

61. Plaintiff's discussions with S.I.D. were protected activity.

62. On or about January 10, 2023, Defendant, JERRY MORALES, took an adverse action: he took away plaintiff's cane.

63. As he took away plaintiff's cane, Defendant, JERRY MORALES, said to plaintiff words to the effect "you want to talk, I'm going to take your cane, now walk without it."

64. Defendant, JERRY MORALES's taking of plaintiff's cane was retaliation for plaintiff having engaged in discussions with S.I.D.

65. Shortly thereafter, Defendant, JERRY MORALES, took a second adverse action: he took away plaintiff's tablet.

8

66. Defendant, JERRY MORALES's taking of plaintiff's tablet was retaliation for plaintiff having engaged in discussions with S.I.D.

67. Later in the day on or about January 10, 2023, Dr. Pomerantz prescribed a wheelchair for Plaintiff.

68. After Dr. Pomerantz prescribed a wheelchair for Plaintiff, Defendant, JERRY MORALES, took a third adverse action: he denied Plaintiff the wheelchair prescribed by Dr. Pomerantz.

69. Defendant, JERRY MORALES's denial of the wheelchair prescribed by Dr. Pomerantz was retaliation for plaintiff having engaged in discussions with S.I.D.

70. In the ensuing days, Defendant, JERRY MORALES, took a fourth adverse action: he removed certain items of plaintiff's property from his cell, consisting of documents, a prayer rug and a Quran.

71. Defendant, JERRY MORALES's removal of plaintiff's property from his cell was retaliation for plaintiff having engaged in discussions with S.I.D.

72. In the ensuing days, Defendant, JERRY MORALES, took a fifth adverse action: he conducted repeated searches of plaintiff's cell for no reason, or acquiesced in his supervisory role as a sergeant while other corrections officers performed the searches of plaintiff's cell for no reason at his urging.

73. On or about November 20, 2023, Plaintiff was absent from his cell for part of the day.

74. While Plaintiff was absent from his cell, Defendant, MICHAEL MORATELLI, may have entered Plaintiff's cell.

75. On that day, Defendant, MICHAEL MORATELLI, alleged that he entered Plaintiff's cell during Plaintiff's absence.

76. Also on that day, Defendant, MICHAEL MORATELLI, alleged that when he entered Plaintiff's cell during Plaintiff's absence, he searched Plaintiff's cell and found a weapon under Plaintiff's mattress.

77. Plaintiff did not have possession of a weapon in his cell at the time of Defendant, MICHAEL MORATELLI's search of his cell in his (Plaintiff's) absence.

78. The weapon allegedly found by Defendant, MICHAEL MORATELLI, under Plaintiff's mattress on November 20, 2023 was planted there by Defendant, MICHAEL MORATELLI.

79. Defendant, MICHAEL MORATELLI, planted the weapon under Plaintiff's mattress in retaliation for plaintiff having engaged in discussions which were about him (MICHAEL MORATELLI) with S.I.D. in the past.

80. On November 30, 2023, Plaintiff was referred to IICC for 270 days in RHU, 180 days loss of commutation time, 15 days loss of recreational privileges, 15 days LOPH, 15 days LOP, due to a *.202 charge arising out of the November 20, 2023 discovery of a weapon in Plaintiff's cell, which was modified to 120 days in RHU and the remainder of the sanctions were upheld on December 5, 2023.

81. The sanctions modified on December 5, 2023 were the sanctions which Plaintiff served.

INJURIES

82. As a direct and proximate result of the conduct of Defendants, MONICA TSAKIRIS, RAYMOND MALTA and SHERITA LATIMORE-COLLIER, and of the policy promulgated by Defendant, UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, as aforesaid, Plaintiff, RONRAY HARRIS, suffered physical injury and infection, more pain and progression of his physical injuries and infection than otherwise would have been the case, needed further medical care, insertion of PICC line, administration of Ancef through the PICC line, inability to get some relief from the nature of his wound through administration of cocoa butter cream, sustained emotional distress and mental anguish.

83. As a direct and proximate result of Defendant, JERRY MORALES's deliberate indifference and retaliation, causing Plaintiff's falldown, as aforesaid, Plaintiff suffered physical injuries, required medical treatment, loss of property, suffered emotional distress and mental anguish.

84. *As a direct and proximate result of Defendant, MICHAEL MORATELLI's retaliation, as aforesaid, Plaintiff suffered deterioration in his conditions of confinement, extension of his prison sentence, sanctions, emotional distress and mental anguish.*

## COUNT I

**42 U.S.C. SECTION 1983 AND NEW JERSEY CIVIL RIGHTS ACT CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT BY DEMONSTRATING DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES**

85. The delay/denial of medical care by Defendants, MONICA TSAKIRIS, RAYMOND MALTA and SHERITA LATIMORE-COLLIER, from November 30, 2021 – December 14, 2021 (including denial of wheelchair) and from April 11, 2022 – April 21, 2022, was deliberate indifference to a serious medical need and for that reason infringed on Plaintiff's Eighth Amendment and N.J. Const. Art. I Par. 12 right.

86. The delay/denial of cocoa butter cream by Defendants, RAYMOND MALTA and SHERITA LATIMORE-COLLIER for his foot wound from on or about February, 2023 to present was/is deliberate indifference to a serious medical need and for that reason infringes on Plaintiff's Eighth Amendment and N.J. Const. Art. I Par. 12 right.

## COUNT II

**42 U.S.C. SECTION 1983 AND NEW JERSEY CIVIL RIGHTS ACT CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT BY DEMONSTRATING DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR OFFICIAL CAPACITIES**

87. The actions and/or inaction of Defendant, MONICA TSAKIRIS, acting in her official capacity, as aforesaid, instead of taking actions to see to it that Plaintiff's serious medical needs were met, from November 30, 2021 to December 14, 2021, was such an inadequate practice so as to be deliberate indifference to a serious medical need, & for that reason infringed on Plaintiff's Eighth Amendment and N.J. Const. Art I Par. 12 right.

88. The actions and/or inactions of Defendants, DR. RAYMOND MALTA and DR. SHERITA LATIMORE-COLLIER, acting in their official capacities, as aforesaid, instead of taking action to see to it that Plaintiff's serious medical needs were met, from April 11, 2022 to April 21, 2022, and from February 2023 to date, were such an inadequate practice so as to be deliberate indifference to a serious medical need, and for that reason infringed on Plaintiff's Eighth Amendment and N.J. Const. Art. I Par. 12 right.

### COUNT III

### 42 U.S.C. SECTION 1983 *MONELL* CLAIM AND NEW JERSEY CIVIL RIGHTS ACT *WINBERRY REALTY* CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT BY REASON OF A POLICY OF DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED AGAINST DEFENDANT, UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY

89. Defendant, UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, may be liable in accordance with *Monell* under 42 U.S.C. Section 1983, and in accordance with *Winberry Realty* under the N.J. Civil Rights Act, for the establishment of a policy by Defendants, MONICA TSAKIRIS, Dr. RAYMOND MALTA and/or Dr. SHERITA LATIMORE-COLLIER, of delay/denial/inaction regarding Plaintiff's serious medical needs, instead of taking actions to see to it that Plaintiff's serious medical needs were/are met, which, when implemented by Defendants, MONICA TSAKIRIS, Dr. RAYMOND MALTA, Dr. SHERITA-LATIMORE-COLLIER and/or Defendant, UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY's medical staff, infringed on Plaintiff's Eighth Amendment and N.J. Const. Art. I Par. 12 right.

COUNT IV

43 U.S.C. SECTION 1983 AND NEW JERSEY CIVIL RIGHTS ACT CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT IN CONDITIONS OF CONFINEMENT AGAINST INDIVIDUAL DEFENDANT ACTING IN HIS INDIVIDUAL CAPACITY

90. The denial of the use of a cane by Defendant, JERRY MORALES, as aforesaid, was deliberate indifference, and for that reason infringed on Plaintiff's Eighth Amendment and N.J. Const. Art. I Par. 12 right.

COUNT V

42 U.S.C. SECTION 1983 *AND NEW JERSEY CIVIL RIGHTS ACT* RETALIATION CLAIM FOR ASSERTION OF AN EIGHTH AMENDMENT *OR N.J. CONST. ART I PAR. 12* RIGHT AGAINST INDIVIDUAL DEFENDANT ACTING IN HIS INDIVIDUAL CAPACITY

91. The adverse actions taken by Defendant, JERRY MORALES, as aforesaid, were in retaliation for Plaintiff's assertion of an Eighth Amendment *or N.J. Const. Art. I Par. 12* right, and for that reason are actionable under 42 U.S.C. Section 1983 *and NJCRA*.

COUNT VI

42 U.S.C. SECTION 1983 *AND NEW JERSEY CIVIL RIGHTS ACT* FIRST AMENDMENT *OR N.J. CONST. ART. I PAR. 6* RETALIATION CLAIM AGAINST INDIVIDUAL DEFENDANT ACTING IN HIS INDIVIDUAL CAPACITY

92. The adverse actions taken by Defendants, JERRY MORALES and MICHAEL MORATELLI, as aforesaid, were in retaliation for Plaintiff's assertion of speech to S.I.D., which was a First Amendment *and N.J. Const. Art. I Par. 6* right, and for that reason are actionable under 42 U.S.C. Section 1983 *and NJCRA*.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, RONRAY HARRIS, demands judgment against Defendants, MONICA TSAKIRIS, RAYMOND MALTA and SHERITA LATIMORE-COLLIER for injunctive relief enjoining them from denying/delaying the supply and administration of cocoa butter cream for relief from the nature of his foot wound, against Defendant, UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY for injunctive relief enjoining it from promulgating a policy denying/delaying the supply and administration of cocoa butter cream for relief from the nature of his foot wound, and against Defendants, MONICA TSAKIRIS, RAYMOND MALTA, SHERITA LATIMORE-COLLIER, UNIVERSITY CORRECTIONAL HEALTH CARE, a constituent unit of RUTGERS, THE STATE UNIVEERSITY OF NEW JERSEY, JERRY MORALES and MICHAEL MORATELLI, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

## JURY DEMAND

Plaintiff, RONRAY HARRIS, demands a trial by jury of all issues which are triable by a jury.

KOBER LAW FIRM, LLC

BY: __s/ Peter Kober__
Peter Kober, Esq.

DATED: August 27, 2024